# EXHIBIT A

State Court of Fulton County
**E-FILED**
17EV004947
10/18/2017 8:49 PM
LeNora Ponzo, Clerk
Civil Division

# FULTON STATE COURT
## GEORGIA

|  |  |
|---|---|
| W.A. GRIFFIN, MD | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs | ) |
|  | ) |
|  | ) |
|  | ) |
| COCA-COLA REFRESHMENTS USA, INC , | ) |
| UNITED HEALTHCARE | ) |
| OF GEORGIA,  INC. | ) |
|  | ) |
|  | ) |

Defendants,

---

## COMPLAINT

---

W.A. GRIFFIN, M.D.
PRO SE
550 Peachtree Street N.E.
Suite 1490
Atlanta, Georgia 30308
(404) 523-4223 wagriffinerisa@hotmail.com

## INTRODUCTION

PLAINTIFF W. A. Griffin, M.D.  alleges against Defendants as follows:

### I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant 28. U.S.C. 1331, because the action arises under the laws of the United States, pursuant to 29 U.S.C 1332(e)(1), because claimant seeks to enforce rights under the Employment Retirement Income Security Act

("ERISA").


2.      This Court is the proper venue for this action pursuant to 28 U.S.C. 1319(b) because of the substantial part of the events or omissions giving rise to the claims alleged herein occurs in this Judicial District, and because the Defendants conducted and continue to conduct a substantial amount of business in this Judicial District; and pursuant to 29 U.S.C 1132(e)(2) it is the Judicial District where the breach took place.

### II.  THE PARTIES

A.    PLAINTIFF

3.    W. A. Griffin, MD  is a resident and medical provider in Fulton County, Georgia.  Plaintiff, as a condition of service, requires patients to assign his or her

health insurance benefits and rights to sue for breaches of fiduciary duties and statutory penalties.  Plaintiff received an assignment of benefits for every claim at issue in this litigation. Those assignments are kept on file, updated annually and retroactively effective.   Plaintiff has standing to pursue the claims for relief in this Complaint as an assignee of the member's benefits under the health plan, as a party who suffered injury in fact and loss of money and/or property as a result of the Defendants' conduct, and as a party who rendered services to the plan member with prior knowledge by the Defendants without being properly compensated for the fair market value of those rendered services.     Medical providers have derivative standing to sue under ERISA. *Cagle v. Bruner*, 112 F.3d. 1510, 1515 (11th Cir. 1997)


B.   United Healthcare of Georgia, Inc. / ERISA Plan Defendant

4.   Plaintiff is informed and believes that Defendant United Healthcare of Georgia, Inc. (*hereafter United Healthcare*) is a corporation duly organized existing under the laws of the State of Georgia, and is authorized to conduct business in the State of Georgia.  Defendant United Healthcare can be served with process through its registered agent at CT Corporation System  located at 289 S Culver Street, Lawrenceville, Georgia 30092.  Plaintiff is informed and believes that Defendant United Healthcare is the claims fiduciary for this self

funded plan at issue in this Complaint, thus making it a proper defendant pursuant to ERISA § 502(d), 29U.S.C.§ 1132(d), and liable for unpaid services and penalties because they "effectively controlled the decision of where to honor or to deny a claim..." *Cyr v. Reliance Life Ins. Co.*, 642 F.3d 1202, 1204 (9* Cir. 2011)

5. United Healthcare has actual or ostensible authority for: providing plan documents to plan members; communicating with plan members and healthcare providers, such as Plaintiff; verifying member benefits and eligibility to providers, such as Plaintiff; interpreting plan terms and provisions; receiving Plaintiff's claims and appeals; approving of denying claims and appeals; pricing Plaintiff's claims; approving or denying appeals; interpreting ERISA plan documents; determining how and where to pay Plaintiff's claims; issuing claim status reports and explanation of benefits;

C. COCA-COLA REFRESHMENTS USA, INC./ERISA Plan Defendant

6. Plaintiff is informed and believes that Defendant Cola-Cola Refreshments USA, Inc. (*hereafter* Coke) is a foreign corporation located in Delaware and is authorized to conduct business in the State of Georgia. Coke can be served with process through its registered agent, Corporation Service Company located at 40 Technology Parkway South Suite 300 Norcross, Georgia 30092.

Plaintiff is informed and believes that Defendant Coke is the <u>named</u> ERISA plan administrator, funds the plan, and is jointly liable for every action in this Complaint under liability for co-fiduciary ERISA statutes. Coke contracted with United Healthcare to act as its claims agent and/or ERISA fiduciary.

### III.  ALLEGATIONS COMMON TO ALL CLAIMS

7.     It is standard practice in the health care industry that when a provider, such Plaintiff, enters into a written contract with a health plan, such as United Healthcare, the provider agrees to accept reimbursement that is discounted from the provider's billed charges in exchange for the benefits of being a "contracted provider" (i.e., a provider with a written contract with the plan). These benefits include an increased volume of business because the health plan provides financial and other incentives for its members to receive their medical care at the contracted provider, advertises that the provider is "in-network", and allows members to pay lower co-payments and deductibles to use the contracted provider.

8.     Conversely, when a provider, such as W. A. Griffin, M.D, does not have a written contract with a health plan, the provider receives less business from the plan, as the health plan discourages its members from receiving their care from an out-of-network provider. The health plan is not entitled to a discount from the

provider's billed charges because it is not providing the provider with the benefits of an increased patient volume that result from being an in-network provider.

9.     In recent years, United Healthcare contracts have demanded such low rates and have become so onerous and one-sided in favor of  United Healthcare, that many providers like W. A. Griffin, MD, have determined that they cannot afford to enter into such contracts.

10.    As a result, a growing number of providers have become non-par or "out-of-network" with United Healthcare.  This "out-of-network" trend is not common in Georgia but very common in states like California,    New York, and New Jersey.

11.  Even with this handful of non-contracted claims in the metro Atlanta area,

United Healthcare has drastically underpaid the Plaintiff for the medically necessary services provided to members. United has used flawed methodologies that unilaterally fail to comply with the provisions of the members' insurance contracts, ERSIA plans, Summary Plan Descriptions ("SPDs") or Evidence of Coverage ("EOCs") for calculating payments to non-contracted providers, do not comply with legal standards and generally accepted industry standards for calculate payments to non-contracted providers, and results in payments which are not reasonable. Instead, these flawed methodologies unfairly and illegally shift the burden and expense of payment to the patients and force non-contracted providers to balance bill their patients for sums which are legally owed by the Defendant.

12. Plaintiff had  the  member sign a financial statement that specifically stated that the each billed procedure code for the geographic area is consistent with the usual customary and reasonable benefit level (*hereafter UCR*) for out of network providers. Currently, the Plaintiff is a licensed user of a national database called Fair Health Inc., which provides hospitals, physicians, insurance companies, and self-funded plans with the UCR data for procedure and billing codes used for out-of-network services. Most reputable plans honor the UCR data presented by Fair Health Inc. Other terms for UCR are "maximum allowable "or "prevailing rate".

### IV. FACTS

20.    On December 21, 2012 Patient J.J. present to Dr. Griffin's office for medical care.

21.  The total billed was charges was $5, 898.96  based  upon the usual customary and reasonable benefit level. However, the claim processed and UHC only paid $2617.78. The correct payment amount is $3539.37. Plaintiff  was short changed $922.00.

22.    On January 11, 2013  Plaintiff filed a First Level Appeal with Defendants via Certified Particle No. 7012 1010 0000 0335 6133. The appeal letter was submitted to Coke, through its claims agent/fiduciary, United Healthcare.

23. The appeal letters included requests for plan documents such as the

Summary Plan Description and Administrative Service Agreement. The requests

were received by to Coke, through its agents, on January 16, 2013.

24. On January 29, 2013 Defendants issued a formal appeal denial letter.

25. On April 19, 2013 Plaintiff filed a Second Level Appeal with Coke, through its

agents, United Healthcare via Certified Particle No. <u>7012 0470 0000 7469 2384</u>

Just like the first appeal letter, the second appeal requested a few item such as:

1. <u>Identification of Plan Administrator of this employee benefit plan, including name, telephone number and postal mailing address; and if such plan administrator retained discretionary authority or control over the plan operation, if not, identification of any de facto plan administrator/fiduciary with designated or delegated discretionary authority;</u>
2. <u>Identification of Appropriate Named Fiduciary, Insurer designated to review benefits denials and make decisions on review (appeal), including specific name, telephone number and postal mailing address; and how such insurer obtained discretionary authority or control over plan operation;</u>

3. <u>Complete copy of Summary Plan Description (SPD) of this plan (not just selected pages), please specify reference to the pertinent plan provisions on which the denial is based and clarify if this SPD provided upon this request is final and complete controlling and governing plan document;</u>
4. <u>AND If SPD provided is not final and complete legal controlling or governing document for this plan, please provide a complete copy of your controlling and governing legal documents for this plan, with specific provisions and limitations of coverage, assignment and ERISA rights, including but not limited to any official copy of Medical Plan Document, Master Copy of Group Insurance Policy, Group Insurance Certificates and Riders, *upon which this plan is maintained and operated, and your denial decisions are based.* Please explain and clarify which document is final and legal controlling and governing document and why. Equitable estoppel doctrine and detrimental reliance of SPD or legal control documents will preclude you from using these documents in defending your denial decision should judicial review become inevitable after you refused to make such disclosure of any ERISA controlling legal documents but relied upon such documents in making your denial decisions.</u>

5. <u>**Publications, database and schedules used to determine your Usual, Customary and Reasonable Charges for this plan in accordance with DOL Advisory Opinion, 96-14A**</u>
6. <u>**Complete copy of any past and current contracts between this employee benefit plan and third party administrator(TPA)**</u>

26. Coke, through its claims fiduciary, received the request on April 23, 2013.

27.  Additionally, the appeal letters specifically asked whether or not the plan had *provider* anti-assignment provisions, and also warned Defendants that they would be liable for penalties if they failed to respond to the requests. United Healthcare is authorized to provide plan documents upon request. If the documents were not in their possession, United Healthcare was asked to forward those documents to Coke <u>or</u> provide the contact information of the appropriate fiduciary.

28. Defendants formally denied the claim for benefits a second time and did not provide the requested plan documents after a second certified request.

29. Defendants have ignored <u>every</u> single document request.

30. Plaintiff never received the additional payment owed which has caused financial injury to her small business.

31. The appeal denial letters did not advise Plaintiff whether or not the plan had <u>provider</u> anti-assignment provisions, even though she specifically inquired about those provisions.

32. Defendants did not offer any plan documents. As such, they cannot rely on

plan documents that were never issued in their defense of this lawsuit.

## V.   CLAIMS FOR RELIEF

### COUNT ONE

### ENFORCEMENT UNDER 29 U.S.C.§ 1132(a) (1)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS

33.     Defendants have failed to fully pay or compensate Plaintiff's claims for

treatments rendered to members of the relevant ERISA plan.  Defendants have

failed to pay/reimburse the Plaintiff under the ERISA Plan in accordance with the

UCR standard on each of the claims at issue in this litigation.


34.     Defendants breached the ERISA Plans' benefit provision by underpricing

and underpaying Plaintiff for out-of-network services provided by Plaintiff to the

member  covered under the ERISA Plan.


35. This cause of action seeks to recover benefits, enforce rights and clarify rights

to benefits under 29 U.S.C.§1132(a) 1(B).

36. Defendants have intentionally miscalculated the UCR rate, systematically reduced benefits paid to Plaintiff for out-of-network services, as well as failed to provide a benefit determination and appeal process that provides for a full and meaningful review of the benefit claims and determinations.

37. The aforementioned statute authorizes actions against ERISA Plans administrators.

38. Therefore, the named Defendants are proper for this claim. For said violations, Plaintiff is entitled to past due benefits and future benefits.

<u>COUNT TWO</u>

**BREACH OF FIDUCIARY DUTY IN VIOLATION OF ERISA § 404, 29 U.S.C. § 1104)**

39. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if set forth fully herein.

40. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104 (a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

41. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with

such matters would use in the conduct of an enterprise of a like character and with like aims.

42. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

43. ERISA § 503, 29 U.S.C. § 1133, mandates a claims procedure that requires every employee benefit plan, including employee welfare benefit plans, to provide adequate notice in writing to participants whose claims for benefits have been denied, setting forth the specific reasons for such denials in a manner calculated to be understood by such participants.

44. ERISA § 503, 29 U.S.C. § 1133, requires that a reasonable opportunity be afforded to any plan participant whose claims for benefits has been denied for a full and fair review by the appropriate named fiduciary.

45. The Department of Labor has promulgated the Claims Regulation, 29 C.F.R. § 2560.503-1, which establishes minimum requirements for procedures pertaining to claims for benefits made under employee benefit plans. In addition

to setting forth requirements applicable to all employee benefit plans, the

Claims Regulation sets forth specific requirements pertaining to group health

plans.

46. Defendants have engaged in systematic violations of the Claims Regulation

in connection with their administration of the Plan such as  cheating on

the benefit payments, self-dealing, ignoring appeal documents requests,

failing to forward document request to the proper plan fiduciary, and ignoring

request for contact information for the plan administrator in connection with

appeals and document requests.

## COUNT THREE

### DEFENDANTS FAILED TO PROVIDE PRODUCTION OF  DOCUMENTS UNDER 29 U.S.C. §§ 1024(b), 1104, AND 1133(2), AND FOR STATUTORY PENALTIES UNDER 29 U.S.C. §1132 (c)(1)

47. Plaintiff  incorporates by reference all previous paragraphs of this Complaint as

if set forth fully herein

48.   Pursuant to U.S.C.§§ 1024(b), 1104, and 1133(2), Defendants have failed to

produce the  "summary plan description… or *other* instruments under which

the plan is established or operated."

49. Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a plan

administrator who "fails or refuses to comply with a request for any information

which the administrator is required by this subchapter to furnish to a participant or beneficiary." *29 U.S.C.§1132(c)(1), §1133*

50.Wherefore, the Plaintiff requests that Defendants produce the requested documents and the Court impose a fine up to $110 per day for each day Defendants failed to provide the requested documents or forward the request to the appropriate party.

## COUNT FOUR

## ENFORCEMENT UNDER 29 U.S.C. §1105(a)(2) LIABILITY FOR BREACH OF CO-FIDUCIARY

51.Plaintiff incorporates by reference all previous paragraphs of this Complaint as if set forth fully herein

52. Defendants failed to comply with Section 404 (a) in the administration duties (i.e., Coke failed to monitor and advise United Healthcare of its fiduciary duty to make "correct and complete material information" available to the participant or beneficiary upon request or forward the document request) and thus enabled breaches of ERISA. Additionally, Defendants failed checks and balances in their administration of the plan. Neither Defendant bothered to comply with ERISA full and fair review requirements. Thus, are jointly liable for each other's breaches including statutory penalties.

**WHEREFORE**, Plaintiff prays for and demands judgment against the Defendants have set forth above and as follows:

A.      For Defendants to be found liable;

B.      For damages for unpaid services $922, and

C.      $727,320.00 in penalties to date, pursuant to Section 502(c)(1) of ERISA for   summary plan description request and employer TPA agreement;

D.      For interest at the applicable legal rate;

E.      For filing fees and cost;

This 18th day of   October, 2017

W. A. Griffin, MD
 Pro Se
550 Peachtree Street N.E. Suite 1490
Atlanta, Georgia 30308
(404) 523-4223

State Court of Fulton County
**E-FILED**
17EV004947
10/18/2017 8:49 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

W.A. Griffin, M.D.
550 Peachtree Street N.E. Suite 1490
Atlanta, Georgia 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Coca-Cola Refreshments USA, INC.
c/o Corporation Service Company
40 Technology Parkway Road S.E.
Norcross, GA 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [✓] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: W.A. Griffin, M.D.

Address: 550 Peachtree Street N.E Suite 1490

City, State, Zip Code: Atlanta, Georgia 30308     Phone No.: (404) 523-4223

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**10/18/2017 8:49 PM**

This _____                                   LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
17EV004947
10/18/2017 8:49 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

W.A. Griffin, M.D.
550 Peachtree Str. N.E Suite 1490
Atlanta, GA 30308
Plaintiff's Name, Address, City, State, Zip Code

vs

United Healthcare of Georgia, Inc.
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30092
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [✓] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: W.A. Griffin, M.D.

Address: 550 Peachtree Street N.E Suite 1490

City, State, Zip Code: Atlanta, Georgia 30308     Phone No.: (404) 523-4223

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

This 10/18/2017 8:49 PM

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
17EV004947
10/23/2017 6:45 PM
LeNora Ponzo, Clerk
Civil Division

FULTON STATE COURT
GEORGIA

W.A. GRIFFIN, MD )
)
)
Plaintiff, )        Case No.  17EV004947
)
vs )
)
)
)
COCA-COLA REFRESHMENTS USA, INC , )
UNITED HEALTHCARE  INSURANCE )
COMPANY )
)
)

Defendants,

---

## AMENDED  COMPLAINT

---

W.A. GRIFFIN, M.D.
PRO SE
550 Peachtree Street N.E.
Suite 1490
Atlanta, Georgia 30308
(404) 523-4223 wagriffinerisa@hotmail.com

## INTRODUCTION

PLAINTIFF W. A. Griffin, M.D.  alleges against Defendants as follows:

### I. JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant 28. U.S.C. 1331, because the action arises under the laws of the United States, pursuant to 29 U.S.C 1332(e)(1), because claimant seeks to enforce rights under the Employment Retirement Income Security Act

("ERISA").


2.     This Court is the proper venue for this action pursuant to 28 U.S.C. 1319(b) because of the substantial part of the events or omissions giving rise to the claims alleged herein occurs in this Judicial District, and because the Defendants conducted and continue to conduct a substantial amount of business in this Judicial District; and pursuant to 29 U.S.C 1132(e)(2) it is the Judicial District where the breach took place.

### II.  THE PARTIES

A.     PLAINTIFF

3.     W. A. Griffin, MD  is a resident and medical provider in Fulton County, Georgia.  Plaintiff, as a condition of service, requires patients to assign his or her

health insurance benefits and rights to sue for breaches of fiduciary duties and statutory penalties.  Plaintiff received an assignment of benefits for every claim at issue in this litigation. Those assignments are kept on file, updated annually and retroactively effective.   Plaintiff has standing to pursue the claims for relief in this Complaint as an assignee of the member's benefits under the health plan, as a party who suffered injury in fact and loss of money and/or property as a result of the Defendants' conduct, and as a party who rendered services to the plan member with prior knowledge by the Defendants without being properly compensated for the fair market value of those rendered services.     Medical providers have derivative standing to sue under ERISA. *Cagle v. Bruner*, 112 F.3d. 1510, 1515 (11th Cir. 1997)

B.      United Healthcare  Insurance Company / ERISA Plan Defendant

4.      Plaintiff is informed and believes that Defendant United Healthcare Insurance Company (*hereafter United Healthcare*) is a foreign corporation with headquarters in Hartford, Connecticut  and is authorized to conduct business in the State of Georgia.  Defendant United Healthcare can be served with process through its registered agent at CT Corporation System  located at 289 S Culver Street, Lawrenceville, Georgia 30092.  Plaintiff is informed and believes that Defendant United Healthcare is the claims fiduciary for this self funded plan at

issue in this  Complaint, thus making it a proper defendant pursuant to ERISA §

502(d), 29U.S.C.§ 1132(d), and liable for unpaid services and penalties   because

they "effectively controlled the decision of where to honor or to deny a claim..."

*Cyr v. Reliance Life Ins. Co.*, 642 F.3d 1202, 1204          (9* Cir. 2011)

5.      United Healthcare has actual or ostensible authority for: providing plan

documents to plan members; communicating with plan members and healthcare

providers, such as Plaintiff; verifying member benefits and eligibility to providers,

such as Plaintiff; interpreting plan terms and provisions; receiving Plaintiff's

claims and appeals; approving of denying claims and appeals; pricing Plaintiff's

claims; approving or denying appeals; interpreting ERISA plan documents;

determining how and where to pay Plaintiff's claims; issuing claim status reports

and explanation of benefits;

C.      COCA-COLA REFRESHMENTS USA, INC./ERISA Plan Defendant

6.      Plaintiff is informed and believes that Defendant Cola-Cola Refreshments

USA, Inc. (*hereafter* Coke) is a foreign corporation located in Delaware

and is authorized to conduct business in the State of Georgia. Coke  can be served

with process through its registered agent, Corporation Service Company located at

40 Technology Parkway South Suite 300 Norcross, Georgia 30092.

Plaintiff is informed and believes that Defendant  Coke is the <u>named</u>  ERISA plan administrator, funds the plan, and   is jointly liable for every action in this Complaint under liability for co-fiduciary ERISA statutes. Coke contracted with United Healthcare to act as its claims agent and/or ERISA fiduciary.

### III.  ALLEGATIONS COMMON TO ALL CLAIMS

7.    It is standard practice in the health care industry that when a provider, such Plaintiff, enters into a written contract with a health plan, such as United Healthcare, the provider agrees to accept reimbursement that is discounted from the provider's billed charges in exchange for the benefits of being a "contracted provider" (i.e., a provider with a written contract with the plan). These benefits include an increased volume of business because the health plan provides financial and other incentives for its members to receive their medical care at the contracted provider, advertises that the provider is "in-network", and allows members to pay lower co-payments and deductibles to use the contracted provider.

8.    Conversely, when a provider, such as W. A. Griffin, M.D, does not have a written contract with a health plan, the provider receives less business from the plan, as the health plan discourages its members from receiving their care from an out-of-network provider. The health plan is not entitled to a discount from the

provider's billed charges because it is not providing the provider with the benefits of an increased patient volume that result from being an in-network provider.

9.     In recent years, United Healthcare contracts have demanded such low rates and have become so onerous and one-sided in favor of United Healthcare, that many providers like W. A. Griffin, MD, have determined that they cannot afford to enter into such contracts.

10.     As a result, a growing number of providers have become non-par or "out-of-network" with United Healthcare. This "out-of-network" trend is not common in Georgia but very common in states like California,   New York, and New Jersey.

11.  Even with this handful of non-contracted claims in the metro Atlanta area,

United Healthcare has drastically underpaid the Plaintiff for the medically necessary services provided to members. United has used flawed methodologies that unilaterally fail to comply with the provisions of the members' insurance contracts, ERSIA plans, Summary Plan Descriptions ("SPDs") or Evidence of Coverage ("EOCs") for calculating payments to non-contracted providers, do not comply with legal standards and generally accepted industry standards for calculate payments to non-contracted providers, and results in payments which are not reasonable. Instead, these flawed methodologies unfairly and illegally shift the burden and expense of payment to the patients and force non-contracted providers to balance bill their patients for sums which are legally owed by the Defendant.

12. Plaintiff had  the  member sign a financial statement that specifically stated that the each billed procedure code for the geographic area is consistent with the usual customary and reasonable benefit level (*hereafter UCR*) for out of network providers. Currently, the Plaintiff is a licensed user of a national database called Fair Health Inc., which provides hospitals, physicians, insurance companies, and self-funded plans with the UCR data for procedure and billing codes used for out-of-network services. Most reputable plans honor the UCR data presented by Fair Health Inc. Other terms for UCR are "maximum allowable "or "prevailing rate".

## IV. FACTS

20.    On December 21, 2012 Patient J.J. present to Dr. Griffin's office for medical care.

21.   The total billed was charges was $5, 898.96  based  upon the usual customary and reasonable benefit level. However, the claim processed and UHC only paid $2617.78. The correct payment amount is $3539.37. Plaintiff  was short changed $922.00.

22.    On January 11, 2013  Plaintiff filed a First Level Appeal with Defendants via Certified Particle No. 7012 1010 0000 0335 6133. The appeal letter was submitted to Coke, through its claims agent/fiduciary, United Healthcare.

23. The appeal letters included  requests for plan documents such as the

Summary Plan Description and  Administrative Service Agreement. The requests

were received by to Coke, through its agents, on January 16, 2013.

24. On January 29, 2013 Defendants issued a formal appeal denial letter.

25. On April 19, 2013 Plaintiff filed a Second Level Appeal with Coke, through its

agents, United Healthcare via Certified Particle No. <u>7012 0470 0000 7469 2384</u>

Just like the first appeal letter, the second appeal requested a few item such as:

1. <u>Identification of Plan Administrator of this employee benefit plan, including name,
   telephone number and postal mailing address; and if such plan administrator retained
   discretionary authority or control over the plan operation, if not, identification of any de
   facto plan administrator/fiduciary with designated or delegated discretionary authority;</u>
2. <u>Identification of Appropriate Named Fiduciary, Insurer designated to review benefits
   denials and make decisions on review (appeal), including specific name, telephone number
   and postal mailing address; and how such insurer obtained discretionary authority or
   control over plan operation;</u>

3. <u>Complete copy of Summary Plan Description (SPD) of this plan (not just selected pages),
   please specify reference to the pertinent plan provisions on which the denial is based and
   clarify if this SPD provided upon this request is final and complete controlling and
   governing plan document;</u>
4. <u>AND If SPD provided is not final and complete legal controlling or governing document for
   this plan, please provide a complete copy of your controlling and governing legal
   documents for this plan, with specific provisions and limitations of coverage, assignment
   and ERISA rights, including but not limited to any official copy of Medical Plan Document,
   Master Copy of Group Insurance Policy, Group Insurance Certificates and Riders, *upon
   which this plan is maintained and operated, and your denial decisions are based.* Please
   explain and clarify which document is final and legal controlling and governing document
   and why. Equitable estoppel doctrine and detrimental reliance of SPD or legal control
   documents will preclude you from using these documents in defending your denial decision
   should judicial review become inevitable after you refused to make such disclosure of any
   ERISA controlling legal documents but relied upon such documents in making your denial
   decisions.</u>

5. <u>Publications, database and schedules used to determine your Usual, Customary and Reasonable Charges for this plan in accordance with DOL Advisory Opinion, 96-14A</u>

6. <u>Complete copy of any past and current contracts between this employee benefit plan and third party administrator(TPA)</u>

26. Coke, through its claims fiduciary, received the request on April 23, 2013.

27.  Additionally, the appeal letters specifically asked whether or not the plan had *provider* anti-assignment provisions, and also warned Defendants that they would be liable for penalties if they failed to respond to the requests. United Healthcare is authorized to provide plan documents upon request. If the documents were not in their possession, United Healthcare was asked to forward those documents to Coke <u>or</u> provide the contact information of the appropriate fiduciary.

28. Defendants formally denied the claim for benefits a second time and did not provide the requested plan documents after a second certified request.

29. Defendants have ignored <u>every</u> single document request.

30. Plaintiff never received the additional payment owed which has caused financial injury to her small business.

31. The appeal denial letters did not advise Plaintiff whether or not the plan had <u>provider</u> anti-assignment provisions, even though she specifically inquired about those provisions.

32. Defendants did not offer any plan documents. As such, they cannot rely on

plan documents that were never issued in their defense of this lawsuit.

### V.   CLAIMS FOR RELIEF

#### COUNT ONE

#### ENFORCEMENT UNDER 29 U.S.C.§ 1132(a) (1)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS

33.     Defendants have failed to fully pay or compensate Plaintiff's claims for

treatments rendered to members of the relevant ERISA plan.  Defendants have

failed to pay/reimburse the Plaintiff under the ERISA Plan in accordance with the

UCR standard on each of the claims at issue in this litigation.


34.     Defendants breached the ERISA Plans' benefit provision by underpricing

and underpaying Plaintiff for out-of-network services provided by Plaintiff  to the

member  covered under the ERISA Plan.


35. This cause of action seeks to recover benefits, enforce rights and clarify rights

to benefits under 29 U.S.C.§1132(a) 1(B).

36. Defendants have intentionally miscalculated the UCR rate, systematically reduced benefits paid to Plaintiff for out-of-network services, as well as failed to provide a benefit determination and appeal process that provides for a full and meaningful review of the benefit claims and determinations.

37. The aforementioned statute authorizes actions against ERISA Plans administrators.

38. Therefore, the named Defendants are proper for this claim. For said violations, Plaintiff is entitled to past due benefits and future benefits.

**COUNT TWO**

**BREACH OF FIDUCIARY DUTY IN VIOLATION OF ERISA § 404, 29 U.S.C. § 1104)**

39. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if set forth fully herein.

40. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104 (a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

41. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with

such matters would use in the conduct of an enterprise of a like character and with like aims.

42. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

43. ERISA § 503, 29 U.S.C. § 1133, mandates a claims procedure that requires every employee benefit plan, including employee welfare benefit plans, to provide adequate notice in writing to participants whose claims for benefits have been denied, setting forth the specific reasons for such denials in a manner calculated to be understood by such participants.

44. ERISA § 503, 29 U.S.C. § 1133, requires that a reasonable opportunity be afforded to any plan participant whose claims for benefits has been denied for a full and fair review by the appropriate named fiduciary.

45. The Department of Labor has promulgated the Claims Regulation, 29 C.F.R. § 2560.503-1, which establishes minimum requirements for procedures pertaining to claims for benefits made under employee benefit plans. In addition

to setting forth requirements applicable to all employee benefit plans, the

Claims Regulation sets forth specific requirements pertaining to group health

plans.

46. Defendants have engaged in systematic violations of the Claims Regulation

in connection with their administration of the Plan such as cheating on

the benefit payments, self-dealing, ignoring appeal documents requests,

failing to forward document request to the proper plan fiduciary, and ignoring

request for contact information for the plan administrator in connection with

appeals and document requests.

### COUNT THREE

**DEFENDANTS FAILED TO PROVIDE PRODUCTION OF DOCUMENTS UNDER 29
U.S.C. §§ 1024(b), 1104, AND 1133(2), AND FOR STATUTORY PENALTIES UNDER 29
U.S.C. §1132 (c)(1)**

47. Plaintiff incorporates by reference all previous paragraphs of this Complaint as

if set forth fully herein

48. Pursuant to U.S.C.§§ 1024(b), 1104, and 1133(2), Defendants have failed to

produce the "summary plan description... or *other* instruments under which

the plan is established or operated."

49. Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a plan

administrator who "fails or refuses to comply with a request for any information

which the administrator is required by this subchapter to furnish to a participant or beneficiary." *29 U.S.C.§1132(c)(1), §1133*

50. Wherefore, the Plaintiff requests that Defendants produce the requested documents and the Court impose a fine up to $110 per day for each day Defendants failed to provide the requested documents or forward the request to the appropriate party.

<u>**COUNT FOUR**</u>

**ENFORCEMENT UNDER 29 U.S.C. §1105(a)(2) LIABILITY FOR BREACH OF CO-FIDUCIARY**

51. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if set forth fully herein

52. Defendants failed to comply with Section 404 (a) in the administration duties (i.e., Coke failed to monitor and advise United Healthcare of its fiduciary duty to make "correct and complete material information" available to the participant or beneficiary upon request or forward the document request) and thus enabled breaches of ERISA. Additionally, Defendants failed checks and balances in their administration of the plan. Neither Defendant bothered to comply with ERISA full and fair review requirements. Thus, are jointly liable for each other's breaches including statutory penalties.

**WHEREFORE**, Plaintiff prays for and demands judgment against the Defendants have set forth above and as follows:

A.    For Defendants to be found liable;

B.    For damages for unpaid services $922.00 and

C.    $727,320.00 in penalties to date, pursuant to Section 502(c)(1) of ERISA for summary plan description request and employer TPA agreement;

D.    For interest at the applicable legal rate;

E.    For filing fees and cost;

This 23rd day of October, 2017

W. A. Griffin, MD
 Pro Se
550 Peachtree Street N.E. Suite 1490
Atlanta, Georgia 30308
(404) 523-4223

## Certificate of Service

A copy of the Amended Complaint was filed with the court and mailed below

to Defendants registered agents below.

COCA-COLA REFRESHMENTS USA, INC
c/oCorporation Service Company
40 Technology Parkway South Suite 300
Norcross, Georgia 30092

United Healthcare of Georgia, Inc. (Defendant removed)
c/o CT Corporation System
289 S Culver Street
Lawrenceville, Georgia 30046

W. A. Griffin, MD
 Pro Se
550 Peachtree Street N.E. Suite 1490
Atlanta, Georgia 30308
(404) 523-4223

State Court of Fulton County
**E-FILED**
17EV004947
10/23/2017 6:45 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: 17EV004947

W·A· Griffin, M.D.
550 Peachtree Str. N.G Suite 1490
Atlanta, GA 30308
Plaintiff's Name, Address, City, State, Zip Code

vs.

United HealthCare Insurance Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30092
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [✓] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ********** |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: W·A· Griffin, M.D.

Address: 550 Peachtree Street N.G Suite 1490

City, State, Zip Code: Atlanta, Georgia 30308     Phone No.: (404) 523-4223

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

This _____                                 LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served, this _____ day of _____, 20____.     _____

                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

### WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.     _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
17EV004947
11/13/2017 10:16 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

W.A. GRIFFIN MD

                Plaintiff,

vs.

UNITED HEALTHCARE OF GEORGIA,
INC., et al.

                Defendant.

CIVIL ACTION
CASE NO.:   17EV004947

## AFFIDAVIT OF SERVICE

COMES NOW, BRUCE R. SMITH JR., a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served UNITED HEALTHCARE OF GEORGIA, INC. with the below-listed documents in this matter, in the
below-described manner,

at 289 S CULVER ST, LAWRENCEVILLE, GA 30046,

on October 20, 2017, at  1:46 PM:

SUMMONS/COMPLAINT

Said documents were served by handing to LINDA BANKS, Process Specialist for CT Corp the Registered
Agent.

2.

Ms. Banks is a white female in her 60's, 5', 150lbs with gray hair.

BRUCE R. SMITH JR.
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 21st day
of October, 2017.

Notary Public

DEBORAH A DUGAN
NOTARY
EXPIRES
GEORGIA
NOV. 14, 2018
PUBLIC
DEKALB COUNTY

State Court of Fulton County
**E-FILED**
17EV004947
11/13/2017 10:16 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| W.A. GRIFFIN, MD. | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| COCA-COLA REFRESHMENTS, USA, INC., et al. | CASE NO.:    17EV004947 |
| Defendant. | |

AFFIDAVIT OF SERVICE

COMES NOW, BRUCE R. SMITH JR., a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served COCA-COLA REFRESHMENTS, USA, INC. with the below-listed documents in this matter, in the below-described manner,

at 40 TECHNOLGLY PKWY S, 300, NORCROSS, GA 30092,

on October 20, 2017, at  11:18 AM:

SUMMONS/COMPLAINT

Said documents were served by handing to BARRY SMITH, Office Services & authorized agent.

2.

Mr. Smith is a black male in his 30's, 5'10", 240lbs with black hair.

BRUCE R. SMITH JR.
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 21st day
of October, 2017.

Notary Public

State Court of Fulton County
**E-FILED**
17EV004947
11/13/2017 10:16 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

W.A. GRIFFIN MD

                 Plaintiff,

vs.

UNITED HEALTHCARE INSURANCE
COMPANY, et al.

                Defendant.

CIVIL ACTION
CASE NO.:     17EV004947

<u>AFFIDAVIT OF SERVICE</u>

COMES NOW, BRUCE R. SMITH JR., a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served UNITED HEALTHCARE INSURANCE CO. with the below-listed documents in this matter, in the
below-described manner,

at 289 S CULVER ST, LAWRENCEVILLE, GA 30046,

on October 25, 2017, at 3:21 PM:

SUMMONS/AMENDED COMPLAINT

Said documents were served by handing to EMILY BAILEY, Process Specialist for CT Corp. the Registered
Agent.

2.

Ms. Bailey is a white female in her 20's, 5'8", 180lbs with black hair.

Sworn to and subscribed
before me this the 26th day
of October, 2017.

_____
Notary Public

_____
BRUCE R. SMITH JR.
Attorneys' Personal Services, Inc.

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

W.A. GRIFFIN MD

                         Plaintiff,

vs.

UNITED HEALTHCARE INSURANCE
CO., et al.

                         Defendant.

CIVIL ACTION
CASE NO.:    17EV004947

## AFFIDAVIT OF SERVICE

COMES NOW, BRUCE R. SMITH JR., a United States citizen and over the age of 18 years,

before the undersigned officer duly authorized to administer oaths, and, being sworn on oath,

deposes and states as follows:

1.

I served UNITED HEALTHCARE INSURANCE CO. with the below-listed documents in this matter, in the below-described manner,

at 289 S CULVER ST, LAWRENCEVILLE, GA 30046,

on October 25, 2017, at 3:21 PM:

SUMMONS/AMENDED COMPLAINT

Said documents were served by handing to EMILY BAILEY, Process Specialist for CT Corp. the Registered Agent.

2.

Ms. Bailey is a white female in her 20's, 5'8", 180lbs with black hair.

*Bruce R. Smith Jr.*
BRUCE R. SMITH JR.
Attorneys' Personal Services, Inc.

Sworn to and subscribed
before me this the 26th day
of October, 2017.

*Notary signature*
Notary Public

DEBORAH A DUCHON
NOTARY
EXPIRES
GEORGIA
NOV. 14, 2018
PUBLIC
DEKALB COUNTY